UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MICHELLE CANDELARIO, :
:
                          Plaintiff, :                23-CV-7144 (JMF)
:
           -v- :              ORDER ADOPTING
:               REPORT AND
MARTIN O'MALLEY, Commissioner of Social Security, :           RECOMMENDATION
:
                        Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This social security action was referred to a Magistrate Judge for a Report and Recommendation. *See* Docket No. 7. In the Report and Recommendation filed on April 3, 2024, Magistrate Judge Jones recommended that the matter be remanded to the Commissioner of Social Security for further proceedings pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g). *See* Docket No. 15.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 15, at 24-25. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the parties' briefs, the administrative record, and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. For the reasons discussed in the Report and Recommendation, the Administrative Law Judge improperly discredited medical evidence and Plaintiff's testimony. *See* ECF No. 15, at 9-23. Accordingly, the Report and Recommendation is ADOPTED in its entirety, and the case is hereby REMANDED for further proceedings pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 18, 2024
New York, New York

JESSE M. FURMAN
United States District Judge